IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE DALLAS as the Administrator for the Estate of JAWAN LEE MCGEE DALLAS | ) ) ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:23-cv-00466-KD-MU |
| CITY OF MOBILE, ALABAMA; OFFICER JOHN DOE 1, in his individual capacity, and OFFICER JOHN DOE 2, in his individual capacity, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT OF PARTIES' RULE 26(F) PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on May 2, 2024 and was attended by:

a. Harry Daniels, Dr. Roderick Van Daniel, Ben Crump, John L. Burris, and Lee Merritt for Plaintiff Christine Dallas

b. Ricardo Woods, Taylor Johnson, and Kristy Waldron for Defendant City of Mobile

The parties do request a conference with the Court before entry of the scheduling order.

53800844 v1.doc

1. **Statement of Facts and Legal Issues.**

    a. **Plaintiff's Brief Narrative Statement:**

Plaintiff brings federal constitutional claims against all Defendants for committing acts under color of law that deprived Jawan of his life and his rights under the United States Constitution. Further, Plaintiff brings state law claims against all named Defendants.

    b. **Defendant's Brief Narrative Statement:**

Defendant City of Mobile ("City") denies any allegation that the Defendant officers violated the constitutional rights of the decedent or caused his death. The City denies that it negligently hired, trained or supervised the Defendant officers. The City further denies that Defendant officers acted pursuant to any unconstitutional policy or custom or proximately caused the decedent's death. Finally, the City adopts and incorporates herein all affirmative defenses asserted in its Answer to the Complaint.

2. **Trial.** This jury action should be ready for trial by **February of 2026**, and at this time is expected to take approximately **seven (7)** days, excluding jury selection.

3. **Pre-trial Conference.** Parties request a pre-trial conference in **January 2026**.

4. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan. Discovery is needed in the following subject areas:

    a. The allegations of Plaintiff's Complaint.

    b. The defenses set forth in the responsive pleadings of the Defendant.

**\*\*The Plaintiff request that discovery be placed on an (8) eight-month track from the date the Court enter this scheduling order.\*\***

**\*\*\*Defendants requests all discovery will be commenced in time to be completed by October 4, 2025.\*\***

5. **Initial Disclosures.** The parties will exchange by May 16, 2024, the information required by Fed. R. Civ. P. 26(a)(1).

6. **Joinder of Parties and Amendments to Pleadings.**

    a. Plaintiff requests until **August 23, 2024** to join additional parties and amend the pleadings.

    b. Defendant requests until **September 27, 2024** to join additional parties and amend the pleadings.

7. **Expert Reports.** Reports from retained experts under Fed. R. Civ. P. 26(a)(2) are due:

    a. From Plaintiff by **June 6, 2025**. Plaintiff's experts to be made available for deposition on or before **July 2, 2025**.

    b. From Defendant by **August 1, 2025**. Defendant's experts to be made available for deposition on or before **August 29, 2025**.

    c. Each party may submit expert(s) rebuttal report no later than 45 days

8. **Pre-Trial Disclosures.** Final lists of witnesses, deposition designations, and exhibits under Fed. R. Civ. P. 26(a)(3) are due within 42 days of trial. Any objections are due within 14 days thereafter.

9. **Discovery Limits.**

   a. **Interrogatories:** Maximum of **30** interrogatories by each party. Reponses due 30 days after service.

   b. **Requests for Admissions**. Maximum of **20** requests for admission by each party. Responses are due 30 days after service.

   c. **Requests for Production of Documents**. Maximum of **30** requests for production by each party. Responses due 30 days from service.

   d. **Depositions:** Each party shall have the ability to conduct **15** depositions, unless the Court grants permission for more depositions. Depositions shall be limited to a maximum of **seven (7)** hours for parties and experts, and **four (4) hours** for non-party witnesses, unless extended by agreement of the parties or by direction of the Court.

   e. **Notice of Service of Non-Party Subpoena:** A five (5) day written notice shall be served on all parties prior to the issuance of any non-party subpoena.

10. **Dispositive Motions.** All potentially dispositive motions filed by **October 25, 2025.**

11. **Settlement.** Settlement cannot be evaluated prior to the completion of some discovery.

12. **Electronic Discovery.**

The discovery in this action may involve Electronically Stored Information (ESI). To the extent discovery will involve ESI, the Parties will produce relevant, non-privileged electronically stored information as kept in the ordinary course of business that is reasonably available to the Parties, in PDF or hardcopy format, on a portable drive or via secure electronic transmittal such as ShareFile or DropBox. The Parties agree to submit to the Court, a proposed agreed protective order/ESI protocol with respect to the management of privilege and work-product issues.

A party who produces any privileged document or ESI without intending to waive the privilege associated with such document or ESI may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such document or ESI was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or ESI and any copies thereof and may not use information contained therein until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

**13**.   **Other Matters.**   The Parties are aware of no other matters to be brought before the Court at this time.

DATED this 9th day of May 2024.

Respectfully Submitted,

*/s/Harry M. Daniels*
Harry M. Daniels

**OF COUNSEL:**
The Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, Georgia 30337
Tel:   678.664.8529

Fax:    800.867.5248
Email: daniels@harrymdaniels.com

                                                */s/ Dr. Roderick Van Daniel, Esquire*
                                                Dr. Roderick Van Daniel, Esquire

1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com

                                                *Attorney for Plaintiff Christine Dallas*


                                                */s/Kristy Waldron (with permission)*
                                                Ricardo A. Woods
                                                Taylor Barr Johnson
                                                Kristy Waldron

                                                *Attorneys for Defendant City of Mobile*


**OF COUNSEL:**
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, Alabama  36602
Tel:    251-344-5151
Fax:    251-344-9696
Email: rwoods@burr.com
        tjohnson@burr.com
        kwaldron@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served on this the 9th day of March, 2024, a copy of the foregoing document using the CM/ECF System, which will send notification of such filing upon counsel registered with the system and/or a copy will be deposited in the United States mail, properly addressed and first class postage prepaid:

Ricardo A. Woods
Taylor Barr Johnson
Kristy Waldron
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, Alabama  36602
Tel:    251-344-5151
Fax:    251-344-9696
Email: rwoods@burr.com
tjohnson@burr.com
kwaldron@burr.com

>  */s/Harry M. Daniels*
>  Harry M. Daniels