IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| CHRISTINE DALLAS as the Administrator For the Estate of JAWAN LEE MCGEE DALLAS<br><br>          Plaintiff,<br><br>vs.<br><br><br>CITY OF MOBILE, ALABAMA; and<br><br>JARRED HUTTO,<br>in his individual capacity; and<br><br>CHRISTIAN DAVILLA,<br>in his individual capacity.<br><br>          Defendants. | CAFN: 1:23-CV-00466-KD-MU |

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Christine Dallas as the Administrator for the Estate of Jawan Lee Mcgee Dallas (hereinafter "Plaintiff"), through her undersigned counsel, files this Amended Complaint pursuant to FRCP 15(a)(2), with the written consent of Defendant City of Mobile, Alabama on August 21, 2024, against Defendants City of Mobile, Jarred Hutto, in his individual capacity and Christian Davilla in his individual capacity, and in support thereof states as follows:

1

<u>INTRODUCTION</u>

***"I can't breathe I don't want to be George Floyd."***

--- Jawan Lee Mcgee Dallas, July 2, 2023



Jawan Lee Mcgee Dallas

On July 2, 2023, Jawan Lee Mcgee Dallas, a 36-year-old black man, was stuck multiple times, excessively tased and drive-stun by two members of the Mobile, Alabama Police Department. At the time Jawan was accosted, beating and excessively tased and drive-stun by two members of the Mobile, Alabama Police Department, he was under no suspicion of committing any criminal activity.   As a result of his encounter with law enforcement, Jawan died. Jawan was innocent.

Plaintiff brings federal constitutional claims against all Defendants for committing acts under color of law that deprived Jawan of his life and his rights under the United States Constitution.  Further, Plaintiff brings state law claims against all named Defendants.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4.

At all times relevant hereto, Plaintiff, Christine Dallas is the biological mother of Jawan Lee Mcgee Dallas and the Administrator for the Estate of Jawan Lee Mcgee Dallas, is a resident of the State Alabama and citizen of the United States of America.

5.

At all times relevant hereto, Jarred Hutto (hereinafter "Defendant Hutto") was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Mobile, Alabama Police Department. Defendant Jarred Hutto is sued in his individual capacity.

6.

At all times relevant hereto, Christian Davilla (hereinafter "Defendant Davilla") was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Mobile, Alabama Police Department. Defendant Christian Davilla is sued in his individual capacity.

7.

The City of Mobile, Alabama in municipality under the laws of Alabama.  The City of Mobile, Alabama Police Department is a department within the City of Mobile, Alabama Government.

## FACTUAL ALLEGATIONS

*Events That Occurred on July 2, 2023*

8.

On July 2, 2023, at approximately 9:46 p.m., the Mobile Police Department ("MPD") responded to a burglary call located at 5413 Carol Planation Rd at Lot 33.

9.

The 911 caller disclosed to the Mobile County 911 dispatcher, that the person was a skinny black dude, a thin one, and that he is homeless and squat on some property in the trailer park. The 911 caller further disclosed to the Mobile County 911 dispatcher that the homeless person walked down the road.

10.

Subsequently, the Mobile County 911 dispatcher transferred to the MPD dispatcher on the line. The 911 caller then tells MPD dispatcher that somebody was only in their yard.

11.

Defendant Hutto and Defendant Davilla responded to the call. While in route to the location of the 911 caller Lot 33, Defendant Hutto and Defendant Davilla stop at Lot 27.

12.

When Defendant Hutto and Defendant Davilla arrived at Lot 27. They approached Jawan and an unidentified white male. Jawan was seated in the driver's seat of his vehicle. The white male was standing in a yard inside a fence.

13.

Defendant Hutto and Defendant Davilla immediately began to question Jawan and the unknown white male about a burglary despite the fact Jawan and the unknown white male did not fit the description of the potential suspect. Jawan and unknown white male vehemently denied any involvement with a burglary or trespass. Then without any arguable reasonable suspicion of a crime being afoot, Defendant Hutto and Defendant Davilla order Jawan and the unknown white male to produce their identification cards.

14.

The unknown white male surrendered his identification card to Defendant Hutto and Defendant Davilla. Jawan began to look around in his vehicle as he simultaneously conversed Defendant Hutto and Defendant Davilla. At some point during the exchange, Jawan told Defendant Hutto and Defendant Davilla that they

were violating his rights. At no time did Jawan give the appearance through speech or otherwise that he was under the influence of alcohol or drugs.

15.

After a brief exchange between Jawan and with Defendant Hutto and Defendant Davilla , Jawan was told to exit his vehicle in which he complied. After Jawan exited his vehicle, he was guided by Defendant Davilla to the rear of his vehicle. At that time, Jawan attempted to flee from Defendant Hutto and Defendant Davilla However, he was unsuccessful and immediately tackled to the ground by Defendant Davilla.

16.

Unbeknownst to Defendant Hutto and Defendant Davilla, their entire interaction with Jawan was observed by a female eyewitness who had a clear vantage point of the entire incident. According to that eyewitness, Jawan Dallas was tased several times without any resistance to Defendant Hutto and Defendant Davilla . Further, the eyewitness observed and heard cry out for help as he was being assaulted by Defendant Hutto and Defendant Davilla. Notably, the eyewitness identified Jawan as the person who was tased several times while on the ground while defenseless by Hutto and Defendant Davilla because she knew him. She referred to Jawan as "J". To date that eyewitness has never been questioned by any law enforcement agency or the Mobile County's District Attorney's Office.

17.

Additionally, on the night of the incident, the 911 Caller and his female companion who resided at 5413 Carol Planation Rd at Lot 33 also observed the use of force towards Jawan by Defendant Hutto and Defendant Davilla. The 911 Caller and his female companion disclosed to other responding officers on the night of the incident that the beating and tasing of Jawan was excessive and unnecessary. Additionally, the 911 Caller and his female companion stated that the observed Defendant Hutto and Defendant Davilla striking Jawan Dallas several times as Jawan pleaded for them to stop. The 911 Caller and his female companion also confirm that Jawan was not the person who was on their property.

18.

After being assaulted by Defendant Hutto and Defendant Davilla, Jawan was eventually placed in handcuffs and was made to lay on his back. While on his back, Jawan emphatically begged Defendant Hutto and Defendant Davilla for help and told Defendant Hutto and Defendant Davilla that he could not breathe due to him having asthma. In response to Jawan plea for help, Davilla told Jawan to shut the fuck up repeatedly. However, Jawan continue to beg for help and that he could not breathe. Defendant Davilla then told Jawan "if he doesn't shut the fuck up, he was going to punch him in the stomach."[1]

---

[1] According to a Use of Force Review and Report of City of Mobile Police Department prepared in April of 2024,

19.

Jawan then said, "I can't breathe. .. I don't want to be George Floyd."

20.

Subsequently an African American MPD officer arrived at the scene. That officer lifted Jawan off his back so that Jawan could breathe. However, Jawan still labored to breathe and asked if he could lay on his back again, that officer allowed him to do so.

21.

At some point, another officer arrived on scene and ordered for Jawan to be placed on his stomach. After Jawan was placed on his stomach, he once again told officer that he could not breathe on his stomach.

22.

Eventually, Jawan was lifted and placed in the backseat of MPD patrol car 322. Subsequently, emergency medical service responded to the scene to assist Jawan. During Jawan interaction with the EMTs he continually cried out that he could not breathe and that his arm was hurting. However, his plea for help was not being taken seriously by the EMTs as they seemed as though they were more concern about their

---

Chief Prine 's told his police officer to "fuck the public!" An officer thought that Chief Prine's comments adversely impacted the way some officers may police in in the future.

safety from Jawan who was in handcuffs, surrounded by law enforcement and in clear physical distress, then providing medical aid to Jawan.

23.

While being accessed by the EMTs, Jawan loss consciousness in the backseat of MPD patrol vehicle 322. Jawan was pulled out the patrol vehicle and was administered chest compression. Unfortunately, Jawan never regain consciousness and according to Jawan's EMS records he died on scene.

24.

As a direct and proximate result of Defendant Hutto and Defendant Davilla 's wrongful conduct, Jawan died.

25.

Further, the City of Mobile practice a custom/policy that allow their police officers to demand physical identification cards/driver's license of individuals who are not suspected of any criminal activity. The City of Mobile's custom/policy is in contravention of Alabama's state law, Fourth Amendment of the U. S, Constitution, and clearly established Eleventh Circuit precedent. Notably, Chief Prine acknowledged and ratified the unlawful custom/policy of demanding physical identification cards/driver's license of individuals who they suspect of criminal activity on July 7, 2023, to the public.

26.

The City of Mobile's custom/policy that allow their police officers to demand identification cards/driver's license of individuals who are not suspected of any criminal activity, is the driving force and the catalyst that led to the unlawful detention of Jawan, which ultimately led to his untimely death.

27.

The City of Mobile practice custom/policy is in contravention of Alabama code section 15-5-30 as well as clearly established law. Notably, on July 7, 2023, Chief Paul Prine acknowledged and ratified the unlawful custom/policy of demanding physical identification cards/driver's license of individuals who are not suspected of any criminal activity.  Chief Prine was a policy/decision maker for the City of Mobile.

28.

In the alternative, Defendant Hutto and Defendant Davilla  arrest of Jawan and use of force was due to their lack of skills or carelessness as officers operating in their scope of duty in confronting the above facts and circumstances.  Their actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

29.

The Plaintiff is also entitled to punitive damages against all of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct towards Jawan Dallas.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Unlawful Use of Force/Excessive Force in Violation of the Fourth Amendment
(Against Defendant Hutto and Defendant Davilla )

30.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

31.

All individual Defendants to this claim, are persons for purposes of 42 U.S.C. § 1983.

32.

All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the City of Mobile and their acts or omissions were conducted within the scope of their official duties or employment.

33.

At the time of the complained of events, Jawan Dallas had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unlawful use of force and excessive force.

34.

All individual Defendants' actions, as described herein, were willful, malicious and deliberate indifferent to Jawan Dallas' federally protected rights.

35.

All individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Jawan Dallas' federally protected constitutional rights.

36.

All individual Defendants did so with shocking and willful indifference to Jawan Dallas' rights and with conscious awareness that it could cause Jawan Dallas harm.

37.

The acts or omissions of all individual Defendants were the moving forces behind Jawan Dallas' death. The acts or omissions of all individual Defendants as described herein intentionally deprived Jawan Dallas' of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

38.

As a proximate result of all individual Defendants' unlawful conduct, Jawan Dallas died. As a further result of the individual Defendants' unlawful conduct, The Estate of Jawan Dallas has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

39.

On information and belief, Jawan Dallas suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees andcosts pursuant to 42 U.S.C. §1988, pre-judgment interest and

costs as allowable by federal law. There may also be special damages for lien interests.

40.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Jawan Dallas. All Defendants are jointly and severally liable for violating Jennings's Fourth Amendment Rights.

41.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

SECOND  CLAIM FOR RELIEF
42 U.S.C. § 1983 – Unlawful Seizure in Violation of the Fourth Amendment
(Against Defendant Hutto and Defendant Davilla )

42.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

43.

All individual Defendants to this claim, are persons for purposes of 42 U.S.C. § 1983.

44.

All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the City of Mobile and their acts or omissions were conducted within the scope of their official duties or employment.

45.

At the time of the complained of events, Jawan Dallas had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and not to be arrested without arguable probable cause to do so.

46.

Alabama code section 15-5-30 states:

A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his ***name***, ***address*** and ***an explanation of his actions***.

47.

It is undisputed that Defendant Hutto and Defendant Davilla demanded Jawan Dallas to produce his identification card to them although he was under no legal obligation to do so pursuant to Alabama code section 15-5-30.

48.

It is undisputed that Jawan Dallas was detained and ordered to exit his vehicle because he failed to produce his identification card to Defendant Hutto and Defendant. Additionally, no arguable reasonable suspicion existed that Jawan Dallas had

committed any criminal acts at the time he was accosted by Defendant Hutto and Defendant on July 2, 2023.

49.

All individual Defendants' actions, as described herein, were willful, malicious and deliberate indifferent to Jawan Dallas's federally protected rights.

50.

All individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Jawan Dallas' federally protected constitutional rights.

51.

All individual Defendants did so with shocking and willful indifference to Jawan Dallas' rights and with conscious awareness that it could cause Jawan Dallas harm.

52.

The acts or omissions of all individual Defendants were the moving forces behind Jawan Dallas' injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Jawan Dallas' of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

53.

As a proximate result of all individual Defendants' unlawful conduct, Jawan Dallas suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, The Estate of Jawan Dallas has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

54.

On information and belief, Jawan Dallas suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees andcosts pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

55.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Jawan Dallas. All Defendants are jointly and severally liable for violating Jawan Dallas' Fourth Amendment Rights.

56.

WHEREFORE, Plaintiff prays for the following relief:

6.  Judgment for compensatory damages;

7.  Judgment for exemplary or punitive damages;

8.  Cost of suit;

9.  Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

10. Trial by jury as to all issues so triable; and such other relief as this Honorable

    Court may deem just and appropriate.


THIRD CLAIM FOR RELIEF
42 U.S.C. § 1983
Retaliatory in violation of the First Amendment
(Against Defendant Davilla)

57.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 29 of this Complaint.


58.

All individual Defendants to this claim, is a person for purposes of 42 U.S.C. §

1983.

59.

Defendants Hutto and Davilla, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the City of Mobile and their acts or omissions were conducted within the scope of their official duties or employment.

60.

At the time of the complained of events, Jawan Dallas had a clearly established constitutional right under the First Amendment to be free from being assaulted after engaging in protected speech under the First Amendment.

61.

Defendant Davilla threating to physically assault Jawan Dallas in retaliation if Jawan Dallas continued to beg for help and say he could not breathe. Specifically, Defendant Davilla told Jawan "if he doesn't shut the fuck up, he was going to punch him in the stomach." Jawan Dallas engaged in constitutionally protected speech and conduct. The statements made by Jawan Dallas were not fighting words. The statements and conduct of Jawan Dallas constituted protected speech under the First Amendment.

62.

Defendant Davilla actions, as described herein, was willful, malicious and deliberate indifferent to Jawan Dallas's federally protected rights.

63.

Defendant Davilla engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Jawan Dallas' federally protected constitutional rights.

64.

 Defendant Davilla did so with shocking and willful indifference to Jawan Dallas' rights and with conscious awareness that it could cause Jawan Dallas harm.

65.

The acts or omissions of Defendant Davilla were the moving forces behind Jawan Dallas' injuries. The acts or omissions of Defendant Davilla as described herein intentionally deprived Jawan Dallas' of his constitutional rights and caused him other damages. Defendant Davilla is not entitled to qualified immunity for their actions.

66.

As a proximate result of Defendants Hutto unlawful conduct, Jawan Dallas suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, Jawan Dallas has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

67.

On information and belief, Jawan Dallas suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. The Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

68.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Jawan Dallas. All of the individual Defendants are liable for violating Jawan Dallas' First Amendment Rights.

69.

WHEREFORE, Plaintiff prays for the following relief:

1.   Judgment for compensatory damages;

2.   Judgment for exemplary or punitive damages;

3.   Cost of suit;

4.   Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5.      Trial by jury as to all issues so triable; and such other relief as this Honorable

Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1983 – (42 U.S.C. § 1983 Unconstitutional Custom/Policy)
(Against Defendant City of Mobile, Alabama)

70.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 29 of this Complaint,

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation,
custom or usage of any state or territory or the District of Columbia
subjects or causes to be subjected any citizen of the United States or other
person within the jurisdiction thereof to the deprivation of any rights,
privileges or immunities secured by the constitution and law shall be
liable to the party injured in an action at law, suit in equity, or other
appropriate proceeding for redress…..

71.

Defendant City of Mobile, Alabama is a  person as define purposes of 42

U.S.C. § 1983.

72.

The unconstitutional actions and/or omissions of the City of Mobile, were pursuant to the following customs, policies, practices, and/or procedures of Mobile Police Department and City of Mobile, which were directed, encouraged, allowed, and/or ratified by policy makers for the City of Mobile, Alabama.

a.  To use or tolerate the use of excessive and/or unjustified force;

b.  To create unnecessary danger and risk of serious harm or death, with deliberate indifference, to an unarmed non threaten person;

c.  To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved use of force and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by their officers;

d.  To allow, tolerate, and/or encourage a "code of silence" among their officers, whereby an officer does not provide adverse information against a fellow officer;

e.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of law enforcement officer misconduct; and

f.  To allow their police officers to demand identification cards/driver's license of individuals who are not suspected of any  criminal activity in violation of the U.S. Constitution and Alabama Law.

g.  In such other ways as may be learned during discovery in this case.

73.

Defendant City of Mobile failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline officers of the Mobile Police Department with deliberate indifference to Jawan's constitutional rights, which were thereby violated as described above.

74.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants Hutto and Davilla , were a moving force and/or a proximate cause of the deprivations of Jawan's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

75.

Defendants Hutto and Davilla  subjected Jawan to their wrongful conduct, depriving Jawan of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Jawan and other members of the general public would be violated by their acts and/or omissions.

76.

As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants Hutto and Davilla , Plaintiff is entitled to damages, penalties, costs and attorney fees as set forth, above, including punitive damages against Defendants Hutto and John Doe.

FIFTH CLAIM FOR RELIEF
(Assault/Battery)
(Against Defendant Hutto and Defendant Davilla )

77.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

78.

Defendant Hutto and Defendant Davilla unwelcomely and unprivileged touched Jawan Dallas with the intent to harm or offend him.  Jawan Dallas did not consent to the unwelcome and unprivileged touching and was harmed by it. Specifically, both Hutto and Defendant Davilla unlawfully and excessively struck Jawan Dallas multiple times and tased him multiple times.

79.

A reasonable person in Jawan Dallas' situation would have been offended by touching.

Defendants' conduct caused Jawan Dallas to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages according to proof at the time of trial. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Jawan Dallas' constitutionally protected rights, welfare, and safety.

80.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees:

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SIXTH CLAIM FOR RELIEF
### (Wrongful Death)
#### (Against Defendant Hutto and Defendant Davilla )

81.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

82.

On July 2, 2023,  Defendant Hutto and Defendant Davilla  committed an assault and battery when they knowingly struck and tased Jawan Dallas that resulted in the untimely and unlawful death of Jawan Dallas.

83.

The aforementioned acts of Defendant Hutto and Defendant Davilla  were intentional and deliberate. Defendant Hutto and Defendant Davilla  acts were carried out in bad faith and with malicious intent to harm Jawan Dallas. As a direct and proximate result of their acts, Jawan Dallas died.

84.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. The value of support and services the deceased person had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by the deceased person;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The deceased person's estate may also recover certain types of damages. These include:

    a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived

    b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and

    c. medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate

## SEVENTH CLAIM FOR RELIEF
(Wrongful Death Negligence/ Gross Negligence)
(City of Mobile, Alabama)
(Pleaded in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

85.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

86.

In the alternative, the individual Defendants unlawful arrested and used unlawful and excessive force towards Jawan Dallas due to their lack of skills or carelessness as officers operating in their scope of duty in confronting the above facts and

circumstances.  Their actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

87.

The individual Defendants were careless and unskilled in arresting Jawan Dallas after Jawan Dallas refused to prove his identification card to the individual Defendants.

88.

The individual Defendants were careless and unskilled in arresting Jawan Dallas after Jawan Dallas engaged in constitutionally protected speech and conduct.

89.

At the time of the complained incident, all individual Defendants were acting within the scope of their employment with City of Mobile. At the time all individual Defendants committed the acts described herein, they were acting within the course and scope of their employment and/or agency with City of Mobile. As such, the City of Mobile is liable for the lack of skills or carelessness of the individual Defendants while operating in their scope of duty in confronting the above facts and circumstances. The individual Defendants' actions fell below that response which a skilled or proficient officer would exercise in similar circumstances as a result Jawan Dallas was died.

Therefore, the unskillfulness and carelessness of all individual Defendants are imputed to City of Mobile through the doctrines of agency, vicarious liability and respondeat superior.

90.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees:

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount of Thirty-Six Million Dollars ($36,000, 000. 00.);

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D.  punitive damages on all claims allowed by law against all individual Defendants;

E.  attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F.  pre- and post-judgment interest at the lawful rate; and,

G.  any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted August 21, 2024.

**The Law Offices of Harry M. Daniels, LLC**

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(Pending Pro hac vice admission)

**The Roderick Van Daniel Law Firm, LLC**

*/s/ Dr. Roderick Van Daniel, Esquire*
Dr. Roderick Van Daniel, Esquire
No. ASB-9105-164X
1501 15th Avenue South; Suite 34
Birmingham, Alabama 35205
Tel. (205) 317 – 9321
Email: roddaniel205@gmail.com

**Ben Crump Law, PLLC**

>   */s/Ben Crump*
>   Ben Crump, Esq
>   Florida Bar No.: 0072583
>   122 South Calhoun St.
>   Tallahassee, Florida 32301
>   Tel. 800.713.1222
>   Email: court@bencrump.com
>   (Pending Pro hac vice admission)


**Burris Nisenbaum Curry & Lacy**

>   */s/John L. Burris*
>   John L. Burris
>   7677 Oakport St # 1120
>   Oakland, CA 94621
>   Tel. 510.839.5200
>   john.burris@johnburrislaw.com
>   (*Pending Pro Hac Vice*)

**Merritt Law Firm, LLC**

>   */s/Lee Merritt*
>   Lee Merritt
>   425 Penson Rd.
>   Forney, Texas 75126
>   Tel. 888.347.3041
>   Leealeemerrittesq.com.
>   (*Pending Pro Hac Vice*)

CERTIFICATE OF SERVICE

I hereby certify that I have served on this the 21st day of August 2024, a copy of the

foregoing document using the CM/ECF System, which will send notification of such

filing upon counsel registered with the system:

BURR & FORMAN LLP

Ricardo A. Woods
Taylor Barr Johnson
Kristy Waldron
Attorneys for Defendant City of Mobile
11 N. Water Street, Suite 22200
Mobile, Alabama 36602
Tel: 251-344-5151
Fax: 251-344-9696
rwoods@burr.com
tjohnson@burr.com
kwaldron@burr.com

*/s/Harry M. Daniels*
Harry M. Daniels, Esq