IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE DALLAS, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 23-0466-KD-MU |
| ) | |
| CITY OF MOBILE, ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This cause is before the Court on Defendant's Motion for Entry of Protective Order. (Doc. 46). Plaintiff has not objected to entry of this order. The Court, having reviewed the motion and the proposed protective order, which limits the disclosure of information and categories of information designated as confidential, finds that a protective order is appropriate in this matter, but also finds that Paragraph 12 of the proposed order, which discusses filing materials under seal, does not comply with this Court's Local Rules and procedures,.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). For example, attachments to pretrial motions which require judicial resolution on the merits are subject to the common law right of access to judicial proceedings. *See Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

One may only overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. The Southern District of Alabama has a rule applicable to sealed documents which furthers this principle. *See* S.D. Ala. Gen. LR 5.2. Accordingly, the Court has amended Paragraph 12 to bring it into compliance with the Federal Rules of Civil Procedure, this Court's Local Rules, Eleventh Circuit law, and this Court's procedures for hearings and trial.

Defendant's motion for a protective order (Doc. 46) is **GRANTED,** and the Protective Order is hereby entered, **as amended**:

## PROTECTIVE ORDER

1. This Order shall extend to any documents designated as "CONFIDENTIAL" according to the terms and provisions set out below. The Order shall further extend to any document which is designated as "CONFIDENTIAL," according to the procedure set forth below, by the party in possession of said materials, whether such designation is made prior to production or retroactively, and produced by any party to any other party or individual permitted by this Order as set forth below.

2. All confidential information in this case shall be kept confidential by the parties and used solely for the purpose of investigating the claims and defenses asserted in this matter and for no other purpose. In no event shall any confidential information produced, generated, or disclosed in this case be used directly or indirectly for commercial or competitive purposes, publicly disclosed, or used in any other

2

investigation or litigation, other than in conjunction with the investigation of the claims and defenses asserted in this matter.

 3. If any answer given or document produced in response to any discovery in this case contains confidential or other information entitled to heightened protection, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made narrowly and in good faith.

 4. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

 5. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label, or other mark of the word "CONFIDENTIAL" on each page of the document and/or a cover page identifying a series of documents which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party, although such labeling may be done retroactively by reproducing such documents with the designated "CONFIDENTIAL" label.

6. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during, or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of

testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than thirty (30) days after receipt of said deposition transcripts. Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked, in a manner which will not interfere with their legibility, with the word "CONFIDENTIAL." Any court reporter or videographer who transcribes or records testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or recording or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

7. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses (including expert witnesses) and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity.

8. If any party or attorney for any party in this litigation desires to give, show, make available, or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, a party, or a party's counsel and staff, such as to any witness, potential witness, and/or expert

witness, the attorney or party shall first give a copy of this Protective Order to such person, who shall read this Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

9. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date, as long as the producing party or person, promptly after discovery of the inadvertent production without a "CONFIDENTIAL" designation, notifies the other party or parties of the inadvertent production. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. After a belated designation has been made, however, the relevant materials or testimony shall be treated as confidential in accordance with this Order. A party that inadvertently discloses confidential information shall give notice of an inadvertent disclosure within 10 days after discovery of such inadvertent disclosure.

10. The Protective Order shall not, in itself, be construed to waive any objection to a discovery request, applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. A party that inadvertently discloses material protected by privilege, work-product protection, or other protection shall give notice of the inadvertent disclosure within 10

days after discovery of such inadvertent disclosure. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

11. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel must follow the procedures set forth in Paragraph 11 of the scheduling order prior to moving the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

12. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the producing party shall file a motion for leave to file documents under seal in accordance with all requirements set forth in General L.R. 5.2 of the Local Rules of the United States District Court for the Southern District of Alabama within seven (7) days of

6

being notified of the other party's request to file the information designated as confidential.

13.     After the termination of this litigation, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts, or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed, with a written certificate of such destruction being provided by counsel for the receiving party, within thirty (30) days of the disposition of all claims and defenses in this litigation, whether by settlement, judgment, or otherwise. The protections of this Order shall also apply to all documents, materials, and information designated as "CONFIDENTIAL" by non-parties responding to subpoenas under Rule 45 or any other discovery requests to non-parties. Non-parties may designate documents, materials, and information as "CONFIDENTIAL" in the same manner and with the same effect as the named parties to this action.

14.     This Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege.

15.     Nothing in this Protective Order shall preclude any of the parties from

otherwise seeking a modification of this Protective Order through motions made before this Court.

16. At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this Order.

**DONE** and **ORDERED** this the **6th** day of **March, 2025**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
