IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE DALLAS, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 23-0466-KD-MU |
| | ) |
| CITY OF MOBILE, ALABAMA, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the partial motions to dismiss filed by Defendants Jared Hutto and Christian Davila. Defendants Hutto and Davila seek dismissal of the Second, Third, Fourth, and Fifth Claims for Relief set forth in Plaintiff's Amended Complaint (Doc. 25), which is the operative complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 35 and 38). Plaintiff has filed a response in opposition to their motions (Doc. 43), and Hutto and Davila have filed reply briefs in support of their motions (Docs. 44 and 45). These motions have been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that the partial motions to dismiss filed by Hutto and Davila be **GRANTED,** as set forth herein.

### I. PLAINTIFF'S ALLEGATIONS AND CLAIMS

**A. Factual Allegations**

On September 18, 2024, Plaintiff Christine Dallas, as the Administrator for the

Estate of Jawan Lee McGee Dallas, filed her Amended Complaint, which is now the operative complaint in this action, against the City of Mobile, Alabama, Jarred Hutto, and Christian Davila. (Doc. 25). In her complaint, Plaintiff set forth the following factual allegations in support of the claims at issue in the partial motions to dismiss filed by Hutto and Davila:[1]

On July 2, 2023, Hutto and Davila were police officers who were employed by the Mobile Police Department ("MPD"). (Doc. 25; PageID. 198). At approximately, 9:46 p.m. on that night, Hutto and Davila were dispatched to respond to a 911 call concerning a possible burglary at Lot 33 on 5413 Carol Plantation Road. (*Id.*; PageID. 199-200). The 911 caller disclosed to the Mobile County 911 dispatcher that the suspect was a skinny, black dude, who was homeless and squatted on some property in the trailer park and further reported that the homeless man had walked down the road. (*Id.*; PageID. 199). While in route to Lot 33, Hutto and Davila stopped at Lot 27 and approached Jawan Dallas ("Jawan"), who was seated in the driver's seat of his vehicle, and an unidentified white male who was standing in a yard inside a fence. (*Id.*; PageID. 200). They immediately began to question Jawan and the white male about a burglary and Jawan and the white male, neither of whom fit the description of the potential suspect, denied any involvement with a burglary or a trespass. (*Id.*). Hutto and Davila ordered Jawan and the white male to produce their identification cards, which the white male did. (*Id.*).

---

[1] The Court recognizes that Defendants may dispute many of these alleged facts; however, for consideration of this motion to dismiss, Plaintiff's factual allegations must be accepted as true and viewed in the light most favorable to Plaintiff. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Not all facts alleged by Plaintiff are set forth herein; only those relevant to the instant motion.

Jawan began to look around in his vehicle and told Hutto and Davila that they were violating his rights. (*Id.*; PageID. 200-01).

After a brief exchange, Jawan was told to exit his vehicle. He complied, and Davila guided him to the rear of his vehicle. (*Id.*; PageID. 201). Jawan then attempted to flee from Hutto and Davila; however, he was immediately tackled to the ground by Davila. (*Id.*). Jawan's interaction with Hutto and Davila was observed by a female eyewitness, who knew Jawan and referred to him as "J." (*Id.*). According to that eyewitness, Jawan, who was not resisting, was tased several times by Hutto and Davila. (*Id*). The eyewitness also observed and heard Jawan cry out for help as he was being assaulted by Hutto and Davila. (*Id.*). The 911 caller, who lived at Lot 33, and his companion also observed the use of force towards Jawan by Hutto and Davila. (*Id.*; PageID. 202). They told other responding officers on the night of the incident that the beating and tasing of Jawan was excessive and unnecessary. (*Id.*). They stated that they saw Hutto and Davila striking Jawan several times as he pleaded for them to stop. (*Id.*). The 911 caller and his companion also confirmed that Jawan was not the person who was on their property. (*Id.*).

After being assaulted by Hutto and Davila, Jawan was placed in handcuffs and made to lay on his back. (*Id.*). While on his back, Jawan begged Hutto and Davila for help, telling them that he could not breathe because of his asthma. (*Id.*). In response to his plea for help, Davila told Jawan to shut the f*ck up repeatedly. (*Id.*). However, Jawan continued to beg for help saying that he could not breathe. (*Id.*). Davila then told Jawan that "if he doesn't shut the fuck up, he was going to punch him in the stomach." (*Id.*). Jawan then said, "I can't breathe.... I don't want to be George Floyd." (*Id.*; PageID.

3

203).

An African-American MPD officer arrived at the scene and lifted Jawan off his back so that Jawan could breathe. (*Id.*). However, Jawan still labored to breathe and asked if he could lay on his back again, so that officer allowed him to do so. (*Id.*). At some point thereafter, another officer arrived on the scene and ordered that Jawan be placed on his stomach. (*Id.*). After Jawan was placed on his stomach, he told the officer that he could not breathe on his stomach. (*Id.*). Eventually, Jawan was lifted up and placed in the backseat of a patrol car. (*Id.*).

EMTs responded to the scene to assist Jawan. (*Id.*). During Jawan's interaction with the EMTs, he continually cried out that he could not breathe and that his arm was hurting. (*Id.*). However, his plea for help was not taken seriously by the EMTs as they seemed as though they were more concerned about their safety from Jawan, who was in handcuffs, surrounded by law enforcement, and in clear physical distress, than providing medical aid to Jawan. (*Id.*; PageID. 203-04). While being accessed by the EMTs, Jawan lost consciousness in the backseat of the patrol car. (*Id.*; PageID. 204). He was then pulled out of the patrol car and administered chest compressions. (*Id.*). Jawan never regained consciousness and, according to the EMS records, he died on scene. (*Id.*).

**B. <u>Legal Claims</u>**

In her complaint, Plaintiff asserts the following legal claims against Hutto and Davila, in their individual capacities:

In Plaintiff's First Claim for Relief, she asserts a claim, pursuant to 42 U.S.C. § 1983, for unlawful use of force/excessive force in violation of the Fourth Amendment

against Hutto and Davilla. Specifically, Plaintiff alleges that the unlawful use of force and excessive force used by these Defendants against Jawan in violation of the Fourth Amendment "were the moving forces behind Jawan Dallas'[s] death" and that "[a]s a proximate result of all individual Defendants' unlawful conduct, Jawan Dallas died." (*Id.*; PageID. 208).

In her Second Claim for Relief, Plaintiff asserts a claim, pursuant to 42 U.S.C. § 1983, for unlawful seizure in violation of the Fourth Amendment against Hutto and Davilla. (*Id.*; PageID. 210). She alleges, in relevant part, that "Jawan Dallas had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and not to be arrested without arguable probable cause to do so." (*Id.*; PageID. 211). She further alleges that Hutto and Davila "demanded Jawan Dallas to produce his identification card to them although he was under no legal obligation to do so pursuant to Alabama code section 15-5-30," "that Jawan Dallas was detained and ordered to exit his vehicle because he failed to produce his identification card," and that "no arguable reasonable suspicion existed that Jawan Dallas had committed any criminal acts at the time he was accosted by Defendant Hutto and Defendant [Davila] on July 2, 2023." (*Id.*; PageID. 211-12). Plaintiff asserts that these actions were willful, malicious, and deliberately indifferent to Jawan's federally protected rights. (*Id.*; PageID. 212).

Plaintiff avers that these actions "were the moving forces behind Jawan['s] injuries" and that these actions deprived Jawan of "his constitutional rights and caused him other damages." (*Id.*). Plaintiff alleges that, "as a proximate result of all individual Defendants' unlawful conduct, Jawan Dallas suffered loss of his freedom

5

and other injuries," and that "[t]he Estate of Jawan Dallas has incurred special damages, including medical expenses and other special damages related expenses...," including lost future earnings and impaired earning capacity (*Id.*; PageID. 211-13). Plaintiff also seeks punitive damages for this alleged constitutional violation. (*Id.*).

The Third Claim for Relief set forth by Plaintiff seeks damages, pursuant to 42 U.S.C. § 1983, for retaliation in violation of the First Amendment against Defendant Davila only. (*Id.*; PageID. 214). Plaintiff asserts that, at the time of the incident, Jawan "had a clearly established constitutional right under the First Amendment to be free from being assaulted after engaging in protected speech under the First Amendment." (*Id.*; PageID. 215). In support of this claim, Plaintiff alleges that Davila threatened to physically assault Jawan if he continued to beg for help and continued saying he could not breathe. (*Id.*). Specifically, Plaintiff alleges that Davila told Jawan "if he doesn't shut the f*ck up, he was going to punch him in the stomach." (*Id.*). Plaintiff avers that the statements made by Jawan were not fighting words but were rather protected speech under the First Amendment. (*Id.*). Plaintiff asserts that Davila engaged in this conduct willfully, maliciously, in bad faith, and in reckless disregard of Jawan's federally protected constitutional rights. (*Id.*; PageID. 216).

Like the second claim for relief, Plaintiff avers that Davila's actions were the moving forces behind Jawan's injuries and that Davila's actions intentionally deprived Jawan of his constitutional rights and caused him other damages. (*Id.*). Plaintiff seeks the same damages as those set forth in the second claim for relief.

Plaintiff's Fourth Claim for Relief asserts a § 1983 "unconstitutional

custom/policy" claim against the City of Mobile. (Doc. 25, PageID. 218-19). However, Plaintiff also alleges in the Fourth Claim that "[a]s a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants Hutto and Davila, Plaintiff is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages against Defendants Hutto and John Doe." (*Id.*, PageID. 221).

In Plaintiff's Fifth Claim for Relief, she asserts a claim for assault/battery against Hutto and Davila. (*Id.*; PageID. 221). In support of this claim, she alleges that Hutto and Davila touched Jawan with the intent to harm or offend him and that Jawan did not consent to the unwelcome and unprivileged touching and was harmed by it. (*Id.*). Specifically, she avers that Hutto and Davila unlawfully and excessively struck Jawan multiple times and tased him multiple times. (*Id.*). Plaintiff further alleges that their conduct caused Jawan Dallas to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages for which she seeks compensatory and punitive damages. (*Id.*; PageID. 222).

The Sixth Claim for Relief sets forth a claim for wrongful death against Hutto and Davila. (*Id.*). In support of her claim for wrongful death, she alleges that, on July 2, 2023, Hutto and Davilla committed an assault and battery on Jawan when they knowingly struck and tased him in a manner that directly and proximately resulted in his untimely and unlawful death. (*Id.*; PageID. 223). She seeks compensatory and punitive damages for Jawan's wrongful death. (*Id.*; PageID. 223-24).

Defendants Hutto and Davila are not seeking dismissal of the First or Sixth Claims in their motion and the Seventh Claim is not asserted against them. They are

seeking dismissal of the Second, Third, and Fifth Claims for Relief and dismissal of the Fourth Claim for Relief to the extent it is asserted against them. (Docs. 35 and 38).

## II. STANDARD OF REVIEW

Defendants seek dismissal of Claims Two, Three, Four, and Five of Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when

8

its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. LEGAL ANALYSIS

#### A. Second Claim for Relief

Plaintiff's complaint contains two separately pleaded § 1983 claims alleging violations of the Fourth Amendment. The First Claim for Relief sets forth a § 1983 excessive force claim and specifically alleges that "[t]he acts or omissions of all individual Defendants were the moving forces behind ***Jawan Dallas'[s] death***" and that "[a]s a proximate result of all Defendants' unlawful conduct, Jawan Dallas died." (Doc. 25, PageID. 208 (emphasis added)). The Second Claim for Relief, which alleges a § 1983 unlawful seizure claim, in contrast to the first, alleges that "[t]he acts or omissions of all individual Defendants were the moving forces behind ***Jawan Dallas'[s] injuries***" and that "[a]s a proximate result of all Defendants' unlawful conduct, Jawan Dallas suffered loss of his freedom and other injuries." (*Id.*, PageID. 212-13 (emphasis added)). The Second Claim specifically states that Plaintiff seeks damages for "Jawan['s] injuries" and the deprivation of Jawan's "constitutional rights," pursuant to 42 U.S.C. § 1983, as a proximate cause of an unlawful seizure in violation of the Fourth Amendment against Hutto and Davila. The Second Claim, unlike the first, does not specifically mention Jawan's death and does not specifically state that the unlawful seizure, in and of itself,

9

caused Jawan's death. Defendants Hutto and Davila assert that because the Second Claim does not specifically allege that their alleged unlawful seizure caused Jawan's death, but only his injuries, Plaintiff has not set forth a plausible claim in the second count that survived Jawan's death.

In support of their argument, Hutto and Davila rely upon the holding set forth in *Estate of Gilliam v. City of Prattville*, 639 F.3d 1041 (11th Cir. 2011), that pursuant to 42 U.S.C. § 1988(a), state survivorship laws apply to a § 1983 claim brought by an estate and that "[u]nder the Alabama survivorship statute, Ala. Code § 6-5-462, unfiled personal injury claims do not survive the death of the injured party." *Id*. at 1043. They argue that, under *Gilliam* and their interpretation of the Second Claim, the claim must be dismissed because Jawan did not file a claim for injuries caused by the alleged unlawful seizure prior to his death.

The plaintiff in *Gilliam* asserted three types of claims against the officer defendants: (1) "state law wrongful death claims against both officers; (2) § 1983 excessive force claims against both officers that specifically alleged death resulted from the use of force; and (3) § 1983 excessive force claims against both officers that did not allege death was the result of the use of force." 639 F.3d at 1043. The underlying court found that there was no evidence that the officers' conduct caused Gilliam's death and, therefore, dismissed the first two counts. Accordingly, the only claim and issue before the Eleventh Circuit was whether a § 1983 *non-death* excessive force claim survives if the injured party dies before filing the lawsuit. The Court in *Gilliam* reasoned that "[i]t is clear that if this Alabama survivorship statute applies, then Gilliam's § 1983 excessive force claim against Emmanuel cannot survive his death." 639 F.3d at

1046. Hutto and Davila recognize that "[a]s explained in *Gilliam*, in Alabama the only constitutional violation that survives death, assuming suit was not filed before death, is when the constitutional violation actually caused the party's death."

Here, Plaintiff has not alleged that the unlawful seizure caused Juwan's death.[2] Thus, under Alabama's survivorship statute, any claim for damages caused by the unlawful seizure abated at the time of Juwan's death. Accordingly, the motions to dismiss the Second Claim for Relief filed by Hutto and Davila are due to be granted.

### B. Third Claim for Relief

The Third Claim for Relief set forth by Plaintiff seeks damages, pursuant to 42 U.S.C. § 1983, for retaliation in violation of the First Amendment. (*Id.*; PageID. 214). While the heading of the Third Claim for Relief states that it is a claim for violation of the First Amendment brought against Davila only and the facts pleaded in support of the Third Claim concern Davila only (Doc. 25, PageID. 214, 215-16), paragraph 66 alleges that "as a proximate result of Defendants [sic] Hutto unlawful conduct, Jawan Dallas suffered loss of his freedom and other injuries." Paragraph 68 avers that "Plaintiffs are entitled to punitive damages against each of the individually named Defendant [sic] under 42 U.S.C. § 1983" and concludes with the sentence that "[a]ll of the individual Defendants are liable for violating Jawan Dallas' First Amendment Rights." (*Id.*, PageID. 216-17). Because of these inconsistent references to single and plural defendants, Hutto, as well as Davila, filed a motion to dismiss this claim. (Docs. 35, 38).

---

[2] As noted by Defendants, in analyzing a motion to dismiss, the Court may only rely upon the allegations set forth in the complaint. Additional facts or allegations set forth in the briefing may not be considered. And neither can a plaintiff amend her complaint in a responsive brief.

11

Because the complaint sets forth no factual allegations in support of a claim that Hutto violated Jawan's First Amendment rights, the Third Claim clearly fails to state a plausible claim against Hutto; therefore, Hutto's motion to dismiss the Third Claim is due to be granted. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) ("A plaintiff survives a motion to dismiss only if his complaint alleges 'sufficient factual matter, accepted as true, [that] state[s] a claim to relief that is plausible on its face.'...").

Plaintiff asserts that, at the time of the incident, Jawan "had a clearly established constitutional right under the First Amendment to be free from being assaulted after engaging in protected speech under the First Amendment." (Doc. 25; PageID. 215). In support of this claim, Plaintiff alleges that Davila threatened to physically assault Jawan if he continued to beg for help and continued saying he could not breathe. (*Id.*). Specifically, Plaintiff alleges that Davila told Jawan "if he doesn't shut the f*ck up, he was going to punch him in the stomach." (*Id.*). Plaintiff avers that the statements made by Jawan were protected speech under the First Amendment. (*Id.*). Like the Second Claim, the Third Claim also specifically alleges that '[t]he acts or omissions of Defendant Davilla were the moving forces behind **Jawan Dallas' injuries**" and that "[a]s a proximate result of Defendants Hutto [sic] unlawful conduct, **Jawan Dallas suffered loss of his freedom and other injuries."** [Doc. 25, Paragraphs 65 and 66, PageID.216]. The Third Claim seeks recovery for injuries other than death and does not allege that retaliation in violation of the First Amendment caused Jawan's death. Accordingly, as explained above, this claim did not survive Jawan's death and is due to be dismissed.

C. <u>Fourth Claim for Relief</u>

Hutto and Davila moved to dismiss the Fourth Claim because, while the heading

and factual allegations state that the Fourth Claim asserts a § 1983 "unconstitutional custom/policy" claim against the City of Mobile (Doc. 25, PageID. 218-19), Plaintiff also stated that "[a]s a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants Hutto and Davilla, Plaintiff is entitled to damages, penalties, costs and attorney fees as set forth above, including punitive damages against Defendants Hutto and John Doe." (*Id.*, PageID. 221). The complaint does not allege that Hutto or Davila are supervisors, policymakers, or individuals who have any responsibility for the adoption of Mobile Police Department policies and procedures or for hiring, training, instructing, monitoring, supervising, evaluating, investigating, or disciplining Police Officers. The complaint fails to state a plausible claim that Hutto or Davila have any responsibility or liability for the "unconstitutional actions, omissions, customs, policies, practices and procedures" alleged in the Fourth Claim for Relief.

Plaintiff clarified in her brief that she intended to assert the Fourth Claim against the City of Mobile only. (Doc. 43). Therefore, to the extent the Fourth Claim asserts any claim against Hutto or Davila, their motions to dismiss that claim are due to be granted.

### D. Fifth Claim for Relief

In the Fifth Claim for Relief, Plaintiff asserts a claim for assault/battery against Hutto and Davila. (*Id.*; PageID. 221). In support of this claim, she specifically avers that Hutto and Davila unlawfully and excessively struck Jawan multiple times and tased him multiple times. (*Id.*). Plaintiff further alleges that their conduct caused Jawan to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, and further damages for which she seeks

compensatory and punitive damages. (*Id.*; PageID. 222). Defendants argue that the assault and battery claim stated in the Fifth Claim is due to be dismissed because it is a claim for personal injuries that did not survive Jawan's death. They further assert that this claim in essence merges into the state-law wrongful death claim stated in the Sixth Claim for Relief.

Plaintiff agrees that the Fifth Claim for assault and battery merges into the state-law wrongful death claim set forth in the Sixth Claim for relief. (Doc. 43, PageID. 296). Accordingly, Plaintiff's Fifth Claim is due to be dismissed because of Plaintiff's concession and pursuant to Rule 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted since it asserts claims that did not survive Jawan's death and that were merged into the wrongful death claim.

## IV. <u>CONCLUSION</u>

Based on the foregoing, it is **RECOMMENDED** that the partial motions to dismiss filed by Defendants Jared Hutto and Christian Davila (Docs. 35 and 38) be **GRANTED,** that the Second and Third Claims for Relief be **DISMISSED without prejudice,** that the Fourth Claim for Relief to the extent that it is asserted against Hutto and/or Davila be **DISMISSED**, and that the Fifth Claim for Relief be **DISMISSED.**

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

       **DONE** this the **5th** day of **June, 2025**.

                                      s/P. BRADLEY MURRAY
                                      **UNITED STATES MAGISTRATE JUDGE**